UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:25-00434-JLS |
| Plaintiff, | AMENDED PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, MEDICAL INFORMATION, PRIVACY ACT INFORMATION, AND CONFIDENTIAL INFORMANT, COOPERATING WITNESS, AND COOPERATING DEFENDANT INFORMATION |
| v. | |
| ARA ARTUNI, ET AL., | |
| Defendants. | |

The Court has read and considered the parties' Stipulation for a Protective Order Regarding Discovery Containing Personal Identifying Information ("PII"), Medical Information, Privacy Act Information ("PAI"), and Confidential Informant ("CI"), Cooperating Witness ("CW"), and Cooperating Defendant Information, filed by the government and defendant ARA ARTUNI, also known as ("aka") "Ara Harutyunyan," aka "Aro," aka "Araboyi," aka "Arabo," aka "Santos," ("defendant ARTUNI"), defendant ALEX AGOPIAN aka "Alik," ("defendant AGOPIAN"), defendant VAHAGN STEPANYAN, aka "Vee," aka "Vova Titov," aka "Juha Alver," aka "Vahan Stephanian," aka "Aso Balvanov," ("defendant STEPANYAN"), defendant ARVIN ALBERT KAZARYAN, aka

1  "Artur," aka "Art," ("defendant KAZARYAN"), defendant MANUK MANUKYAN

2  ("defendant MANUKYAN"), and defendant LEVON ARAKELYAN ("defendant

3  ARAKELYAN"), (collectively the "defendants"), in this matter on

4  August 6, 2025, which this Court incorporates by reference into this

5  order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as

6  follows:

7      1.   The government's discovery in this case relates to

8  defendants' alleged crimes, that is, violations of 18 U.S.C. §

9  1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy;

10 18 U.S.C. §§ 1959(a)(3), (a)(5): Violent Crimes in Aid of

11 Racketeering Activity; 18 U.S.C. § 1349: Conspiracy to Commit Wire

12 Fraud and Bank Fraud; 18 U.S.C. § 371: Conspiracy to Commit Theft

13 from Interstate and Foreign Shipments; 18 U.S.C. § 922(g)(1): Felon

14 in Possession of Firearms and Ammunition; 18 U.S.C. § 922(o)(1):

15 Possession of Machineguns; 26 U.S.C. § 5861(d): Possession of

16 Unregistered Firearms; and 26 U.S.C. § 5861(i): Possession of

17 Firearms Not Identified by a Serial Number.

18     2.   A protective order for the discovery is necessary so that

19 the government can produce to the defense materials regarding

20 confidential informants ("CI"), cooperating witnesses ("CW"), and/or

21 cooperating defendants who participated in the government's

22 investigation and who may testify at trial.  Because these materials

23 could be used to identify the confidential informants, cooperating

24 witnesses, and/or cooperating defendants, the Court finds that the

25 unauthorized dissemination or distribution of the materials may (1)

26 compromise the ability of such person(s) to participate effectively

27 in the instant matter, (2) compromise the ability of such person(s)

28 to participate in future investigations in an undercover capacity,

1    and/or (3) expose him/her and/or his/her family to potential safety

2    risks.

3         3.    A protective order for the discovery is also necessary so

4    that the government can produce to the defense materials containing

5    third parties' PII and medical information.  The Court finds that

6    disclosure of this information without limitation risks the privacy

7    and security of the information's legitimate owners.  The medical

8    information at issue may also be subject to various federal laws

9    protecting the privacy of medical records, including provisions of

10   the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R.

11   §§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306.  Because

12   the government has an ongoing obligation to protect third parties'

13   PII and medical information, the government cannot produce to any

14   defendant an unredacted set of discovery containing this information

15   without this Court entering the Protective Order.  Moreover, PII and

16   medical information make up a significant part of the discovery in

17   this case and such information itself, in many instances, has

18   evidentiary value.  If the government were to attempt to redact all

19   this information in strict compliance with Federal Rule of Criminal

20   Procedure 49.1, the Central District of California's Local Rules

21   regarding redaction, and the Privacy Policy of the United States

22   Judicial Conference, the defense would receive a set of discovery

23   that would be highly confusing and difficult to understand, and it

24   would be challenging for defense counsel to adequately evaluate the

25   case, provide advice to their respective defendant, or prepare for

26   trial.

27         4.    An order is also necessary because the government intends

28   to produce to the defense materials that may contain information

1  within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act

2  Information").   The Court finds that, to the extent that these

3  materials contain Privacy Act information, disclosure is authorized

4  pursuant to 5 U.S.C. § 552a(b)(11).

5      5.    The purpose of this Protective Order is therefore to

6  (a) allow the government to comply with its discovery obligations

7  while protecting this sensitive information from unauthorized

8  dissemination, and (b) provide defense counsel with sufficient

9  information to adequately represent their respective defendant.

10     6.    Accordingly, the discovery that the government will

11 provide to defense counsel in the above-captioned case will be

12 subject to this Protective Order, as follows:

13         a.    "Victim Information" includes information relating to

14 any and all "means of identification" of a victim and his/her family

15 members under 18 U.S.C. § 1028(d)(7), and further includes, but is

16 not limited to, PII Materials, Privacy Act Information, Medical

17 Materials, and any and all identifying statements made by a victim

18 that were audio and/or video recorded, summarized in reports or

19 affidavits, and/or contained in transcripts of recordings that were

20 made in English or translated from any foreign language, including, but

21 not limited to, Spanish, Armenian, and/or Russian, to English.

22         b.    "Witness Information" includes information relating

23 to any and all "means of identification" of a witness and his/her

24 family members under 18 U.S.C. § 1028(d)(7), and further includes, but

25 is not limited to, PII Materials, Privacy Act Information, Medical

26 Materials, and any and all identifying statements made by a witness

27 that were audio and/or video recorded, summarized in reports or

28 affidavits, and/or contained in transcripts of recordings that were

1   made in English or translated from any foreign language, including, but

2   not limited to, Spanish, Armenian, and/or Russian, to English.

3          c.   "Cooperating Informant or Witness Information"

4   includes information relating to any and all "means of

5   identification" of a CI or CW and his/her family members under 18

6   U.S.C. § 1028(d)(7), and further includes, but is not limited to, PII

7   Materials, Privacy Act Information, Medical Materials, nicknames,

8   law enforcement identifiers (e.g., confidential human source names

9   and/or numbers), and any and all identifying statements made by a CI

10  or CW that were audio and/or video recorded, summarized in reports or

11  affidavits, and/or contained in transcripts of recordings that were

12  made in English or translated from any foreign language, including, but

13  not limited to, Spanish, Armenian, and/or Russian, to English.

14         d.   "Cooperating Defendant Information" includes any and

15  all information relating to any "means of identification" of a

16  cooperating defendant and his/her family members under 18 U.S.C. §

17  1028(d)(7), and further includes, but is not limited to, PII

18  Materials, Privacy Act Information, Medical Materials, nicknames,

19  and/or law enforcement identifiers (e.g., confidential human source

20  names and/or numbers), and any and all identifying statements made by

21  a cooperating defendant that were audio and/or video recorded,

22  summarized in reports or affidavits, and/or contained in transcripts

23  of recordings that were made in English or translated from any foreign

24  language, including, but not limited to, Spanish, Armenian, and/or

25  Russian, to English.

26         e.   "CI Materials" includes, but is not limited to, PII

27  Materials, Privacy Act Information, and Medical Materials.

28

f.    "PII Materials" includes any and all information that can be used to identify any person, including, but not limited to, a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

g.    "Medical Materials" includes any and all individually identifiable health information that is connected to a patient's name, address, or other identifying number, such as a Social Security number or Medicare/Medi-Cal number.

h.    "Attorney's Eyes Only ("AEO") Materials" includes Victim Information, Witness Information, Cooperating Informant or Witness Information, and Cooperating Defendant Information, in addition to any and all information relating to a CI, CW, and/or defendant's current and prior history of cooperation with law enforcement, current and prior criminal history, statements, or any other information that could be used to identify a CI, CW, and/or cooperating defendant, including, but not limited to, a name, nickname, image, address, date of birth, or unique personal identification number, such as a Social Security number, law enforcement number, driver's license number, account number, and/or telephone number.

i.    "Confidential Information" refers to any document or information containing: CI Materials, Privacy Act Information, PII Materials, and/or Medical Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

j.    "AEO Information" refers to any document or information containing AEO Materials that the government produces to

6

1  the defense pursuant to this Protective Order and any copies

2  thereof.

3       k.   For each individual defendant, "Defense Team"

4  includes (1) his counsel of record ("defense counsel"); (2) other

5  attorneys at defense counsel's law firm who may be consulted

6  regarding case strategy in this case; (3) defense investigators who

7  are assisting defense counsel with this case; (4) retained experts

8  or potential experts; and (5) paralegals, legal assistants, and

9  other support staff to defense counsel who are providing assistance

10 on this case (1) whom defense counsel has identified to the

11 government in writing and (2) who have (a) signed Exhibit A to the

12 underlying stipulation or a similar form attached thereto, (b)

13 provided the signed exhibit to the government, and (c) filed the

14 signed exhibit on the docket in this matter consistent with and with

15 reference to this stipulation.  The Defense Team does not include

16 any defendant, any defendant's family members, any other associates

17 of a defendant, or anyone who has not is signatory to this

18 stipulation or any of its exhibits.

19      l.   For each individual defendant, "AEO Defense Team"

20 includes defense counsel in addition to specific attorneys and/or

21 paralegals at defense counsel's law firm who are assisting defense

22 counsel with this case (1) whom defense counsel has identified to

23 the government in writing and (2) who have (a) signed Exhibit A to

24 the underlying stipulation or a similar form attached hereto, (b)

25 provided the signed exhibit to the government, and (c) filed the

26 signed exhibit on the docket in this matter consistent with and with

27 reference to this stipulation.  The AEO Defense Team does not

28 include any defendant, any defendant's family members, any other

1  associates of a defendant, or anyone who has not is signatory to

2  this stipulation or any of its exhibits.

3           m.    The government is authorized to provide defense

4  counsel with Confidential Information marked with the following

5  legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE

6  ORDER."  The government may put that legend on the digital medium

7  (such as DVD or hard drive) or simply label a digital folder on the

8  digital medium to cover the content of that digital folder.  The

9  government may also redact any PII contained in the production of

10 Confidential Information.

11          n.    The government is authorized to provide defense

12 counsel with AEO Information marked with the following legend or

13 something similar: "ATTORNEY'S EYES ONLY -- CONTENTS SUBJECT TO

14 PROTECTIVE ORDER."  The government may put that legend on the

15 digital medium (such as DVD or hard drive) or simply label a digital

16 folder on the digital medium to cover the content of that digital

17 folder.  The government may also redact any CI Materials, PII

18 Materials, Privacy Act Information, Medical Materials, or AEO

19 Materials contained in the production of AEO Information.

20          o.    If any defendant objects to a designation that

21 material contains Confidential Information and/or AEO Information,

22 that defendant, by and through his attorney of record, shall meet

23 and confer with the government.  If the parties cannot reach an

24 agreement regarding the defendant's objection, said defendant may

25 apply to the Court to have the designation removed.

26          p.    Each defendant, his Defense Team, and his AEO Defense

27 Team shall use the Confidential Information and/or AEO Information

28 solely to prepare for any pretrial motions, plea negotiations,

1    trial, and sentencing hearing in this case, as well as any appellate

2    and post-conviction proceedings related to this case.

3        q.    Each defendant's Defense Team shall not permit anyone

4    other than that specific Defense Team to have possession of

5    Confidential Information, including defendant, while outside the

6    presence of the Defense Team.

7        r.    Each defendant's AEO Defense Team shall not permit

8    anyone other than members of that specific AEO Defense Team to see

9    and review AEO Information at any time.  At no time, under no

10   circumstance, shall any AEO Information be shown to any defendant,

11   or left in the possession, custody, or control of any defendant,

12   regardless of that defendant's custody status.  The AEO Defense Team

13   shall not show, orally disclose, or share in any manner, with any

14   defendant or any other individual or witness who is not a member of

15   the AEO Defense Team any AEO Information.

16       s.    Notwithstanding the paragraph(s) above, each

17   defendant may see and review CI Materials only in the presence of

18   his specific defense counsel and said defense counsel shall ensure

19   that that defendant is never left alone with any CI Materials.  At

20   the conclusion of any meeting with a defendant at which he is

21   permitted to view CI Materials, that defendant must return any CI

22   Materials to his defense counsel, who shall take all such materials

23   with counsel.  That defendant may not take any CI Materials out of

24   the room in which he is meeting with his defense counsel.  At no

25   time, under no circumstance, will any Confidential Information be

26   left in the possession, custody, or control of any defendant,

27   regardless of that defendant's custody status.

28

9

t.     Notwithstanding the paragraph(s) above, each AEO Defense Team member may see and review AEO Materials only in the presence of defense counsel who is a member of that specific AEO Defense Team and said defense counsel shall ensure that that other members of the AEO Defense Team are never left alone with any AEO Materials.  At the conclusion of any meeting with the AEO Defense Team at which members of the AEO Defense Team are permitted to view AEO Materials, those members of the AEO Defense Team must return any AEO Materials to defense counsel, who shall take all such materials with counsel.  Those members of the AEO Defense Team may not take any AEO Materials out of the room in which he/she/they are meeting with defense counsel.  At no time, under no circumstance, will any AEO Information be left in the sole possession, custody, or control of any member of the AEO Defense Team, aside from defense counsel. Aside from defense counsel, members of the AEO Defense Team may not copy, keep, maintain, or otherwise possess AEO Materials.

u.     Each defendant may review PII Materials and Medical Materials only in the presence of a member of his specific Defense Team, who shall ensure that that defendant is never left alone with any PII Materials or Medical Materials.  At the conclusion of any meeting with a defendant at which he is permitted to view PII Materials or Medical Materials, that defendant must return any PII Materials or Medical Materials to his Defense Team, and the member of the Defense Team present shall take all such materials with him or her.  That defendant may not take any PII Materials or Medical Materials out of the room in which he is meeting with the Defense Team.

1          v.    Each defendant may see and review Confidential

2   Information as permitted by this Protective Order, but no defendant

3   may copy, keep, maintain, or otherwise possess any Confidential

4   Information in this case at any time.  Also, no defendant may write

5   down or memorialize any data or information contained in the

6   Confidential Information.

7          w.    No defendant can see, review, copy, keep, maintain,

8   summarize, memorialize, or otherwise possess any AEO Information as

9   defendants will have access to redacted versions of that same

10  discovery consistent with this Protective Order.

11         x.    Members of a Defense Team may review Confidential

12  Information with a witness or potential witness in this case,

13  including its respective defendant; however, defense counsel must be

14  present whenever any CI Materials are being shown to a witness or

15  potential witness.  A member of said Defense Team must be present if

16  PII Materials or Medical Materials are being shown to a witness or

17  potential witness.  Before being shown any portion of Confidential

18  Information, however, any defense witness or potential witness must

19  be informed of, and agree in writing to be bound by, the

20  requirements of the Protective Order.  All such members of the

21  Defense Team, witnesses, and proposed witnesses shall sign a

22  signature page provided by the government consistent with Exhibit A

23  attached to the underlying stipulation.  The Defense Team shall

24  maintain those signature pages and shall not be required to produce

25  them absent a court order.  No member of said Defense Team shall

26  permit a defense witness or potential witness to retain Confidential

27  Information or any notes generated from Confidential Information.

28

y.    Members of any AEO Defense Team may not review AEO Information with anyone, including, but not limited to any witness(es), potential witness(es), and/or defendants in this case and must instead use the corresponding redacted discovery in accordance with this Protective Order.  Before being shown any portion of AEO Information, any additional proposed members of the AEO Defense Team must be identified to the government, and be informed of, and agree in writing to be bound by, the requirements of the Protective Order by the applicable defense counsel.  Such identification shall include signing a signature page provided by the government consistent with Exhibit A attached to the underlying stipulation.  Aside from defense counsel, no members of the AEO Defense Team shall be permitted to retain AEO Information or any notes generated from AEO Information.

z.    Each Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.  CI Materials shall not be left unattended in any vehicle.

aa.    Each defense attorney shall maintain AEO Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone

12

other than members of their respective AEO Defense Team to see and review AEO Information; (2) not divulging to anyone other than members of their respective AEO Defense Team the contents of AEO Information; and (3) not permitting AEO Information to be outside of counsel's office(s) or personal presence.  AEO Information shall not be left unattended in any vehicle.

bb.  To the extent that a defendant, his Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

cc.  To the extent that members of an AEO Defense Team create notes that contain, in whole or in part, AEO Information, or to the extent that copies are made for authorized use by members of the AEO Defense Team, such notes, copies, or reproductions become AEO Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

dd.  Each Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written

1  notice to the other party to afford such party an opportunity to

2  object or otherwise respond to such intention.  If the other party

3  does not object to the proposed filing, the party seeking to file

4  such information shall redact any CI Materials, PII Materials, or

5  Medical Materials and make all reasonable attempts to limit the

6  divulging of CI Materials, PII Materials, or Medical Materials.

7            ee.  Each AEO Defense Team shall use AEO Information only

8  for the litigation of this matter, which includes any appeal filed

9  by defendants and any motion filed by defendants pursuant to 28

10  U.S.C. § 2255, and for no other purpose but shall not file any AEO

11  Information without first redacting such information or, in the

12  event that a party needs to file AEO Information with the Court or

13  divulge the contents of AEO Information in court filings, the filing

14  should be made under seal.  If the Court rejects the request to file

15  such information under seal, the party seeking to file such

16  information publicly shall provide advance written notice to the

17  other party to afford such party an opportunity to object or

18  otherwise respond to such intention.  If the other party does not

19  object to the proposed filing, the party seeking to file such

20  information shall redact any AEO Information and make all reasonable

21  attempts to limit the divulging of AEO Information.

22            ff.  Any Confidential Information inadvertently produced

23  in the course of discovery prior to entry of the Protective Order

24  shall be subject to the terms of the Protective Order.  If

25  Confidential Information was inadvertently produced prior to entry

26  of the Protective Order without being marked "CONFIDENTIAL

27  INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER" or something

28  similar, the government shall reproduce the material with the

1    correct designation and notify defense counsel of the error.  The

2    Defense Team shall take immediate steps to destroy the unmarked

3    material, including any copies.

4           gg.  Any AEO Information inadvertently produced in the

5    course of discovery prior to entry of the Protective Order shall be

6    subject to the terms of the Protective Order.  If AEO Information

7    was inadvertently produced prior to entry of the Protective Order

8    without being marked "ATTORNEY'S EYES ONLY -- CONTENTS SUBJECT TO

9    PROTECTIVE ORDER" or something similar, the government shall

10   reproduce the material with the correct designation and notify

11   defense counsel of the error.  The AEO Defense Team shall take

12   immediate steps to destroy the unmarked material, including any

13   copies.

14          hh.  If any Confidential Information contains both CI

15   Materials and another category of Confidential Information, the

16   information shall be handled in accordance with the CI Materials

17   provisions of the Protective Order.

18          ii.  If any AEO Information contains both AEO Materials

19   and another category of Confidential Information, the information

20   shall be handled in accordance with the AEO Materials provisions of

21   the Protective Order.

22          jj.  No AEO Defense Team member shall disclose the fact

23   that an individual is a CI, CW, and/or cooperating defendant to any

24   individual who is not also an AEO Defense Team member.

25          kk.  Confidential Information shall not be used by any

26   defendant or Defense Team, in any way, in any other matter, absent

27   an order by this Court.  All materials designated subject to the

28   Protective Order maintained in any Defense Team's files shall remain

15

1  subject to the Protective Order unless and until such order is

2  modified by this Court.  Within 30 days of the conclusion of

3  appellate and post-conviction proceedings, defense counsel shall

4  return CI Materials to the government or certify that such materials

5  have been destroyed.  Within 30 days of the conclusion of appellate

6  and post-conviction proceedings, defense counsel shall return all

7  PII Materials or Medical Materials, certify that such materials have

8  been destroyed, or certify that such materials are being kept

9  pursuant to the California Business and Professions Code and the

10 California Rules of Professional Conduct.

11         ll.  AEO Information shall not be used by the AEO Defense

12 Team, in any way, in any other matter, absent an order by this

13 Court.  All AEO Materials designated subject to the Protective Order

14 maintained in defense counsel's files shall remain subject to the

15 Protective Order unless and until such order is modified by this

16 Court.  Within 30 days of the conclusion of appellate and post-

17 conviction proceedings, defense counsel shall return AEO Materials

18 to the government or certify that such materials have been

19 destroyed.

20         mm.  In the event that there is a substitution of counsel

21 prior to when such documents must be returned, new defense counsel

22 must be informed of, and agree in writing to be bound by, the

23 requirements of the Protective Order before the undersigned defense

24 counsel transfers any Confidential Information to the new defense

25 counsel.  New defense counsel's written agreement to be bound by the

26 terms of the Protective Order must be returned to the Assistant U.S.

27 Attorney(s) assigned to the case.  New defense counsel then will

28 become the Defense Team and the AEO Defense Team's custodian of

1  materials designated subject to the Protective Order and shall then

2  become responsible, upon the conclusion of appellate and post-

3  conviction proceedings, for: (1) returning to the government,

4  certifying the destruction of, or retaining pursuant to the

5  California Business and Professions Code and the California Rules of

6  Professional Conduct all PII Materials or Medical Materials; and

7  (2) returning to the government or certifying the destruction of all

8  CI Materials and AEO Materials.

9         nn.  Defense counsel shall advise their respective

10 defendant and all members of their Defense Team and AEO Defense Team

11 of their obligations under the Protective Order and ensure their

12 agreement to follow the Protective Order, prior to providing

13 defendant, members of the Defense Team, and/or members of the AEO

14 Defense Team with access to any materials subject to the Protective

15 Order.

16     IT IS SO ORDERED.

17

   September 8, 2025

18

   _____            _____

19  DATE                                HONORABLE JOSEPHINE L. STATON
                                        UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

17